(No. 1231—)

DIME AND SAVINGS AND TRUST COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

*Rehearing denied May 9, 1929.*

J. E. HOUSTON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The petition sets up and shows that inheritance taxes in the matter of the estate of Elizabeth Becker, who died a resident of the State of Illinois, were fixed and paid upon the beneficial interests passing in said estate, determined upon a gross estate of $243,561.21, and a net estate of $206,733.86.

Stipulations as to all facts involved in the instant case have been entered into by and between the Hon. Oscar E. Carlstrom, Attorney General for the State of Illinois, representing the State of Illinois, respondent, defendant, and J. E. Houston, attorney for the petitioner, claimant, duly signed by the respective parties aforesaid and filed in the office of the clerk of this honorable court, which stipulations set forth and disclose the true value of the gross estate of said decedent within the State of Illinois, the deductions from gross estate, the exemptions of the several beneficiaries thereof, the net taxable estate to the several beneficiaries, together with a computation of taxes respectively due upon the several beneficial interests passing, dates of satisfaction thereof and the difference between the taxes originally assessed and paid and the sums which were properly taxable, had all facts been known at time of entering of original order finding and fixing inheritance tax in the matter of the estate of Elizabeth Becker, deceased, which petitioner, claimant maintains and alleges was wrongfully and erroneously fixed and collected.

The stipulations on file disclose no appeal was taken from the original order of the County Judge of Peoria county, Illinois, finding and fixing tax, said matter originating from Peoria county, Illinois, where decedent resided at time of her demise. Gross values have been established, deductions from decedent's gross estate have been passed upon by the Probate Court of Peoria county, Illinois, and allowed in the sums set forth in the petition bringing this matter before this court, and are evidenced by true, complete certified copies of orders, decrees, reports, etc., and receipts attached to and made a part of the record herein.

It is the opinion of the court that the claimant had an entire and complete remedy at law and claimant should have perfected its appeal if dissatisfied with the ruling of the Probate Court. The court has heretofore taken the position in numerous other cases that where there is a remedy at law, the remedy at law should be taken advantage of instead of coming into the Court of Claims of the State of Illinois and owing to the fact that in this case the claimant did have a complete remedy in a court of law in this State the claim is dismissed.

On May 9, 1929, upon petition for rehearing the following additional opinion was filed:

Per Curiam: This cause coming on to be heard after prayer of petitioner for rehearing granted, and after argument of counsel and due deliberation by the court, and it appearing that there is no cause shown why the order heretofore entered should not remain, it is therefore considered by the court that the claim be denied and the case dismissed.